OPINION
{¶ 1} Defendant-appellant, Tiffany Salyers (hereinafter "appellant"), appeals the judgment of the Marion County Court of Common Pleas convicting her of Illegal Conveyance under R.C. 2921.36(A)(2) and Illegal Conveyance under R.C. 2921.36(C).
 {¶ 2} On February 4, 2004, marijuana was found hidden in tortilla shells sent to Fredrick Pierce (Pierce), an inmate at the North Central Correctional Institution (NCCI). At the time the contraband was found, the appellant's husband Jay Salyers (Salyers) was also an inmate at NCCI. On that same day, Salyers received a package which appeared to be similar to the package sent to Pierce but did not contain any contraband materials.
 {¶ 3} Following the discovery of the marijuana, an investigation was conducted into the source of the contraband. During the course of the search, investigators listened to recorded telephone conversations that occurred between the appellant and Salyers shortly before the discovery of the contraband. The recorded telephone conversations revealed that the appellant sent both packages to NCCI.
 {¶ 4} On March 4, 2004, the appellant was indicted for two counts of illegal conveyance along with Salyers and Pierce. On December 7, 2004, the co-defendant requested a separate trial which was subsequently denied by the trial court.
 {¶ 5} On December 9, the joint trial of the appellant and Salyers began with Salyers proceeding pro se. The appellant's trial concluded with a guilty verdict against the appellant on both counts charged in the indictment.
 ASSIGNMENT OF ERROR NO. I The trial court erred in denying the motions of the co-defendant forseparate trials.
 {¶ 6} In her first assignment of error, the appellant argues that she was denied a fair trial when the co-defendant's motion for a separate trial was denied and the co-defendant engaged in disruptive behavior which went uncontrolled by the trial judge. Further, the appellant asserts that the co-defendant made incriminating statements on audio tapes which were essentially equivalent to a confession. The appellant further argues that the trial court should have ordered a separate trial for the appellant when the court knew that the tapes would be used at the trial.
 {¶ 7} R.C. 2945.13 provides:
When two or more persons are jointly indicted for a felony, except acapital offense, they shall be tried jointly unless the court, for goodcause shown on application therefor by the prosecuting attorney or one ormore of said defendants, orders one or more of said defendants to betried separately. A defendant has the burden of affirmatively showing that her rights were prejudiced by the court's denial of separate trials. State v. Gamble, 1st Dist. No. C-010463, 2002-Ohio-1981.
 {¶ 8} The Ohio Supreme Court has recognized that joinder of defendants is favored because it "conserves judicial and prosecutorial time, lessens the not inconsiderable expenses of multiple trials, diminishes inconvenience to witnesses, and minimizes the possibility of incongruous results in successive trials before different juries." State v. Thomas
(1980), 61 Ohio St. 2d 223, 225, 400 N.E.2d 401. On appeal, a trial court's decision to deny a severance of the trial will not be reversed absent an abuse of discretion. State v. Schiebel (1990), 55 Ohio St.3d 71,89, 564 N.E.2d 54.
 {¶ 9} In the case sub judice, we find that the trial court did not abuse its discretion when it denied the motion for separate trials. The appellant and her co-defendant were being tried on charges based on the same incident. Moreover, the appellant has been unable to demonstrate that her rights were prejudiced by the court's denial of a motion to sever the trial.
 {¶ 10} The appellant cites Aratari v. Cardwell (1973),33 Ohio Misc. 202, 357 F. Supp. 681 to support her position that Salyers disruptive conduct resulted in the denial of a fair trial. InAratari, the court found that the defendant's right to a fair trial had been violated due to the judge's failure to take any action to control the co-defendant. Id. In that case, the co-defendant created numerous disturbances requiring an additional court reporter at the trial to record all the commotion. Id. at 683. The Aratari court remarked that it did "not believe that a defendant has a constitutional right to a separate trial even under circumstances as extreme as those in the case in issue." Id.
 {¶ 11} The appellant's trial is distinguishable from the trial inAratari. First, the co-defendant's behavior did not amount to the level of disruptions found in the Aratari case. Although throughout the trial Salyers repeatedly mentioned his inexperience, lack of legal knowledge, and lack of trial counsel, this did not rise anywhere near the level of disruption caused by the co-defendant in Aratari. Second, the trial court, unlike the court in Aratari, took steps to deal with these disturbances, including verbally reprimanding the co-defendant and holding a conference without the jury present in which the court threatened to gag the co-defendant. The trial court's steps to control the behavior of the co-defendant protected the appellant's right to a fair trial.
 {¶ 12} The appellant also argued that Salyers statements which were admitted at trial were equivalent to a confession and, therefore, the trial court should have separated the trial.
 {¶ 13} In Bruton v. United States (1968) 391 U.S. 123, 126,88 S. Ct. 1620, the United States Supreme Court held that a co-defendant's confession cannot be admitted into evidence at a joint trial when the co-defendant does not testify even though limiting instructions were used. The Ohio Supreme Court has extended the rationale used by the Supreme Court in Bruton to hold that a co-defendant's taped conversation with a prosecution witness may not be used in a joint trial when the co-defendant does not testify and is not subject to confrontation as protected by an accused Sixth Amendment rights. State v. Moritz (1980), 63 Ohio St.2d 150, 407 N.E.2d 1268, syllabus.
 {¶ 14} The facts of the case sub judice are distinguishable from the facts in both Bruton and Moritz. The taped telephone conversation between the appellant and Salyers was not a confession. Rather, it was conversation planning the criminal conduct. Moreover, this case is different from Mortiz because the taped conversation in this case was not with a prosecution witness. Therefore, the trial court did not err in denying the co-defendant's request for separate trials based on the state's use of the taped telephone conversations during the trial.
 {¶ 15} The appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The verdict is against the manifest weight of the evidence.
 {¶ 16} In her second assignment of error, the appellant argues that no direct evidence exists against the appellant and, given the lack of any direct evidence against her, the verdict is against the manifest weight of the evidence.
 {¶ 17} In determining whether a conviction is against the manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, citing Statev. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the demeanor of the witnesses and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 18} In the case sub judice, the appellant's conviction is not against the manifest weight of the evidence. Among some of the evidence presented by the state during the trial was the testimony of the guard at NCCI who discovered the green substance in the package addressed to Pierce, an inmate at the correctional institution. Furthermore, the state presented both the lab report and expert testimony of a criminalist to prove that the green substance was marijuana.
 {¶ 19} Moreover, the state presented numerous taped telephone conversations between the appellant and Salyers. During the taped telephone conversations, Salyers relayed instructions to the appellant on how to ship the packages, including who to address the package to and what name and return address to use on the package. The taped conversations include the appellant talking about "do[ing] a special one for Pierce", and sending Salyers "a non-special one". In a later conversation between the appellant and Salyers, Salyers says: "You don't put that one in my name. The one in my name better have nothing. It's coming right to me. They are both my * * * boxes. I'm using him for a * * * name. They are my boxes and everything in those * * * is mine."
 {¶ 20} The record reveals that the appellant's conviction was not against the manifest weight of the evidence. Therefore, the appellant's second assignment of error is overruled.
 {¶ 21} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant and Shaw, JJ., concur.